PEOPLE v FORNEY

Docket No. 78-1584. Submitted December 11, 1978, at Lansing.—
Decided January 3, 1979.

Nancy Forney was convicted, on her plea of guilty, of breaking
and entering with intent to commit larceny, Iosco Circuit
Court, Allan C. Miller, J. Tyrone Gillespie, J., sentenced the
defendant to four years of probation with the first 90 days to be
served in the county jail. The defendant appeals, claiming that
the plea bargain was not fulfilled because the chief of police
had assured her that she would receive probation if she pled
guilty, and because she did not envision serving time in jail as
part of probation. *Held:*

A lay person does not envision "probation" to include incar-
ceration. The agreement was not made between a prosecutor
and a defense attorney who could appreciate the legal and
technical implications of the plea agreement, but was made
instead between a 19-year-old youth and the chief of police. The
case is remanded to the trial court for resentencing in accord-
ance with the intent of the original bargain.

Conviction affirmed, and the case remanded for resentencing.

1. CRIMINAL LAW — SENTENCES — JAIL TERM — COUNTY JAIL —
STATUTES.

A sentence of probation may require, as a condition of probation,
that a defendant spend not more than 6 months in the county
jail or house of corrections (MCL 771.3[3]; MSA 28.1133[3]).

2. CRIMINAL LAW — PLEA OF GUILTY — PLEA BARGAIN — PROBATION
— JAIL TERM — STATUTES.

A criminal case in which a defendant entered a plea of guilty in
response to a promise that she would receive probation and did
receive a sentence of probation, but was required to serve the
first 90 days of the probation period in jail, should be remanded
for resentencing in accordance with the intent of an original
plea bargain where the plea agreement was reached between

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 563-565.
[2] 21 Am Jur 2d, Criminal Law §§ 563, 566.

the chief of police and a 19-year-old youth, rather than between a prosecutor and a defense attorney who could appreciate the legal and technical implications that such an agreement could require a jail term of up to six months (MCL 771.3[3]; MSA 28.1133[3]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Stephen H. Naegele,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Keith D. Roberts,* Assistant Attorney General, of counsel), for the people.

*John A. Lydick* and *Gail Rodwan,* Assistant State Appellate Defenders, for defendant on appeal.

Before: R. B. Burns, P.J., and J. H. Gillis and V. J. Brennan, JJ.

R. B. Burns, P.J. Defendant pled guilty to breaking and entering with intent to commit larceny in violation of MCL 750.110; MSA 28.305. She was sentenced to 4 years probation with the first 90 days to be served in the county jail, and with credit for 38 days served.

She appeals on the theory that she pled guilty only because the chief of police assured her that she would receive probation and that she did not envision serving time in jail as part of probation.

This is an unusual case. There was a post plea hearing before the trial judge who accepted defendant's guilty plea. He found that the chief investigative officer had promised that defendant would be granted probation in exchange for the cooperation of her husband. The trial judge then disqualified himself and deferred sentencing to another judge.

As previously stated, defendant did receive pro-

bation, but the first 90 days of the probation was to be served in the county jail.

MCL 771.3(3); MSA 28.1133(3) states in part:

"As a condition of probation, the court may require the probationer to be imprisoned in the county jail or the house of correction for not more than 6 months."

However, in this case the agreement was not made by the defense attorney and the prosecutor, who could appreciate the legal and technical implications of such an agreement. The agreement was made between a 19-year-old youth and the chief of police.

In our opinion, a lay person does not envision incarceration as a part of "probation".

The conviction is affirmed but the case is remanded to the trial court for resentencing in accordance with the intent of the original bargain.